IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | | |
|---|---|---|
| JACQUELYN WALLACE, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| NANCY A. BERRYHILL, | * | No. 3:17cv00012-JJV |
| Acting Commissioner, | * | |
| Social Security Administration, | * | |
| | * | |
| Defendant. | * | |

## MEMORANDUM AND ORDER

Ms. Wallace has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for disability insurance benefits. The Administrative Law Judge (ALJ) concluded she had not been under a disability within the meaning of the Social Security Act, because jobs existed in significant numbers she could perform despite her impairments. (Tr. 9-21.)

This review function is extremely limited. A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute.  Therefore, they will not be repeated in this opinion except as necessary.  After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and Plaintiff's Complaint should be DISMISSED.

Plaintiff was fifty-seven years old at the time of the administrative hearing.  (Tr. 33.)  She testified she is a high school graduate and attended college for two semesters.  (Tr. 35.)  She has past work as a scheduling clerk, retail manager, administrative assistant and secretary.  (Tr. 19.)

The ALJ[1] found Ms. Wallace met the disability eligibility requirements to apply for disability insurance benefits.  (Tr. 11.)  She has "severe" impairments in the form of "major depressive disorder, migraine, chronic obstructive pulmonary disorder, anxiety, rheumatoid arthritis, fibromyalgia, hypertension, and cervical spine degenerative disc disease." (*Id*.)  The ALJ further found Ms. Wallace did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2]  (Tr. 12-13.)

The ALJ determined Ms. Wallace had the residual functional capacity to perform a reduced range of light work given her mental and physical impairments.  (Tr. 13-14.)  The ALJ determined Ms. Wallace could no longer perform her past work, so the ALJ utilized the services

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy.  20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2] 420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

2

of a vocational expert to determine if jobs existed that Plaintiff could perform despite her impairments. (Tr. 55-61.) Based on the testimony of the vocational expert, the ALJ determined she could perform the jobs of mailing clerk and production assembler - despite her mental and physical limitations. (Tr. 20.) Accordingly, the ALJ determined Ms. Wallace was not disabled. (Tr. 20-21.)

The Appeals Council considered additional evidence and then denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 1-4.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

In support of her Complaint, Ms. Wallace argues that the ALJ's residual functional capacity assessment was flawed. (Doc. No. 14 at 5-13.) I find Plaintiff's argument to be somewhat persuasive and believe this case to be a close call. Ms. Wallace clearly suffers from pain and limitation – especially given the combination of her impairments. But given my limited review under the law and after carefully considering the ALJ's opinion, the extensive medical record, and the briefs from the respective parties, I find that the ALJ's opinion is supported by substantial evidence.

I am sympathetic to Ms. Wallace's claims. Plaintiff's counsel has done an admirable job advocating for Ms. Wallace's rights in this case. But I am unable to find reversible fault in the ALJ's opinion.

The ALJ carefully considered the record and made a supported determination that Plaintiff was capable of performing a limited range of light work. In coming to this conclusion, the ALJ considered the extensive medical records and the opinions from medical professionals. And in his opinion, the ALJ fairly set out the rationale for his conclusions. (Tr. 14-19.)

Ms. Wallace has correctly pointed out that her treating doctor, J. Drew Dawson, M.D.,

reported she was likely disabled. (Tr. 395.) The ALJ considered Dr. Dawson's conclusion and stated:

> The undersigned assigns little weight to the opinion of Dr. Dawson because it is not consistent with the record as a whole. Dr. Dawson noted that this was his first time to see the claimant so his assessment was based on a single encounter and there was no longitudinal history of treatment. In addition, later treatment notes show that an examining doctor did not see any need for surgery and that the claimant had declined treatment on her wrist, noting that it was improving with Aleve alone.

(Tr. 18.)

After carefully considering Ms. Wallace's argument, I find no error in the ALJ's residual functional capacity assessment. There is ample evidence to support his decision. While there is indeed some evidence to support Ms. Wallace's claims, the overall evidence supports the ALJ's conclusion that she could perform a limited range of light work. Alice M. Davidson, M.D., and Steven Strode, M.D., both reviewed the medical evidence and concluded Plaintiff maintained the physical residual functional capacity for light work. (Tr. 71-73, 90-92.) Realizing Drs. Davidson and Strode did not treat or examine Plaintiff, there is simply no basis to find fault in their opinions. The medical records support their conclusions. Aside from Dr. Dawson's comment, none of Plaintiff's treating physicians have opined that she is unable to perform the physical demands of light work.

Ms. Wallace also believes the ALJ failed to correctly resolve the conflict between the vocational expert's testimony and the Dictionary of Occupational Titles (DOT). (Doc. No. 14 at 14-15.) The ALJ determined Plaintiff was restricted from overhead reaching (Tr. 13), and jobs such as the ones identified by the ALJ could possibly include overhead reaching. But the Commissioner counters that the ALJ's assessment was sufficient in accordance with *Welsh v. Colvin*, 765 F.3d 926, 930 (8th. Cir. 2014). (Doc. No. 15 at 11.) In *Welsh*, the United States

Court of Appeals for the Eighth Circuit held, "When an ALJ has posed a hypothetical that accurately reflects his RFC finding, questioned the VE about any apparent inconsistencies with the relevant DOT job descriptions, and explained his decision to credit the VE's testimony, the ALJ has complied with SSR 00–4p, and we review his decision under the deferential substantial evidence standard." *Id.*

> The vocational expert testified:
>
> Yes, sir. The overhead reach is not addressed in the DOT or the supporting data traits publications in terms of the level or degree of extension of reach. I'm basing my response in terms of these two positions, your Honor, that were given from my experience as a time study analyst. I have actually set up positions such as this and overhead reach is not a factor in these types of positions.

(Tr. 58.)

> And in analyzing the expert's opinion, the ALJ concluded:
>
> [T]he vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles except as to the overhead reaching limitations. Concerning the reaching restrictions, the vocational expert testified that she based her testimony on her experience of 30 years as a rehabilitation counselor and more than 15 years in work station lay out design and time study analyst.

(Tr. 20.)

Given her testimony and the ALJ's analysis on this point, I find the ALJ could properly rely on the vocational expert to resolve any conflict. Accordingly, I find no reversible error here.

Plaintiff has advanced other arguments which I find are without merit. It is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d

5

830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence.  There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004).   The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, ORDERED that the final decision of the Commissioner is affirmed and Plaintiff's Complaint is dismissed with prejudice.

IT IS SO ORDERED this 25th day of July, 2017.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE